IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:22-CR-175-MOC-DCK

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) **ORDER** |
| RASHAD JACKSON, | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on the "Violation Report" (Document No. 48) filed by U.S. Probation on November 14, 2023, alleging that Defendant has committed violations of the terms of his pretrial release. The Court conducted a hearing on this matter on November 17, 2023, during which the undersigned heard at length from counsel for the parties. This matter poses some difficult questions. Having weighed the facts and the law carefully, the Court will find that Defendant has violated the terms of his bond, but he may remain out on modified terms of supervised release.

Putting it plainly, there are features to Defendant's case that argue for detention – in the first instance and again now. He is charged with serious bank robbery and gun charges arising from an incident in which the government alleges he was the driver. He has a significant prior criminal record, which includes multiple convictions and probation violations. Probation recommended detention at the initial detention hearing, and the Court in a fairly rare instance took a different view. Defendant now faces alleged bond violations, one of which is especially troubling.

There are however compelling and sympathetic facts presented by Defendant's case – originally and now. Defendant is currently employed and enjoys strong support from his work supervisor. He has a stable residence, and more important, lives in that home with two young sons, one of whom has special needs. He is their primary caregiver. Defendant is respected and liked by his neighbors – and by his neighbors' children – which is significant given one of the alleged bond violations here. Defendant has been on bond since August 26, 2022 (nearly 15 months), and he has performed relatively well while on pretrial release. Defendant's counsel asserts that the Government's case for trial is not especially strong against Defendant, and the matter will likely go to a jury trial.

Turning to the allegations in the Violation Notice, Defendant admits to using marijuana once and to relatively minor violations of the time and place requirements of his location monitoring. The Government is withdrawing the alleged violation regarding trespassing and impeding a school bus, though it reserved the right to (and did) argue those underlying facts as part of their presentation in support of revoking bond. Essentially, the allegation was that Defendant stepped onto a school bus and verbally admonished the kids on the bus not to bully or spit on his child or he would take their tongue out (or something akin to that).

The Court concludes here that this bond decision really comes down to the impact of the school bus incident. The undersigned viewed the video of the incident (the bus had an onboard video camera) and states here in no uncertain terms that Defendant should <u>not</u> have done that. There is no place – even for a protective, concerned parent – for threatening children. Interestingly, evidence was presented by Defendant's counsel suggesting that neither the kids on the bus nor their parents felt threatened by Defendant's actions.

In the end, the Court finds that this is a very close call. Bond is not punishment. The Court finds that Defendant violated the terms of pretrial release; specifically, Defendant admitted to alleged violations 2 and 3. Having so found, the Court finds on the totality of this record that Defendant may remain on pretrial release on modified terms. <u>No further violations of pretrial release will be tolerated.</u>

**IT IS, THEREFORE, ORDERED** that Defendant has violated his terms of pretrial release as set forth in Violations 2 and 3 in the Violation Report (Document No. 48). Violation #1 is withdrawn.

**IT IS FURTHER ORDERED** that Defendant shall remain on pretrial release. Defendant's pretrial release terms shall be modified to provide that:

1) Defendant shall not get on a school bus unless explicitly invited to do so by the driver; and

2) Defendant shall contact his supervising US Probation Officer one time per week by telephone.

All other pretrial release conditions shall continue to apply.

**IT IS FURTHER ORDERED** that Defendant shall be **RELEASED** from custody to resume pretrial release in this matter.

Copies of this order shall be provided to the US Attorney, the Federal Defender, the US Marshals Service, and US Probation.

**SO ORDERED**.

Signed: November 21, 2023

David C. Keesler
United States Magistrate Judge